**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

KARL WILLIAM EGNER,

        Plaintiff,

vs.                                                Case No. 3:09-cv-1195-J-32JRK

JOHN H. RUTHERFORD and
WESTLY CREWS,

        Defendants.

**ORDER**

Plaintiff Karl Egner alleges he was assaulted and sexually assaulted by a fellow inmate while at the Duval County Pretrial Detention Facility (PTDF). Plaintiff alleges the actions of the defendants made this rape possible and is thus proceeding pro se against defendants in their official capacity.

This case is before the Court on Plaintiff's Amended Complaint (hereinafter Amended Complaint) (Doc. 6), Sheriff John Rutherford and Officer Westly Crews's Motion to Dismiss the Amended Complaint (hereinafter Motion to Dismiss) (Doc. 12), and Plaintiff's Response to Sheriff Rutherford and Officer Crew's [sic] Motion to Dismiss the Amended Complaint (hereinafter Response) (Doc. 13).

**I. Legal Standard**

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept all factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff. Castro v. Sec'y of Homeland

Sec., 472 F.3d 1334, 1336 (11th Cir. 2006); Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003). A pleading that offers "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citation and quotation omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to reasonably infer the defendant is liable for the misconduct alleged. Id. (citation and quotation omitted). Additionally, because the plaintiff is proceeding pro se, his pleadings are held to a less stringent standard than pleadings drafted by an attorney, and will be liberally construed. Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).

## II. Exhaustion of administrative remedies.

Defendants move for this case to be dismissed because the plaintiff did not exhaust available administrative remedies. (Motion to Dismiss at 3.) The Prison Litigation Reform Act (PLRA) sets in place a specific exhaustion requirement for cases filed under 42 U.S.C. § 1983:

> (a) Applicability of Administrative Remedies. No action shall be brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correction facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). Section 1997e(a) made it clear that "[e]xhaustion is no longer left to

the discretion of the district court, but is mandatory." Woodford v. Ngo, 548 U.S. 81, 85 (2006).

Exhaustion is an affirmative defense; thus a plaintiff is not required to include in his pleadings the steps he has taken to exhaust all administrative remedies. Jones v. Bock, 549 U.S. 199, 216 (2007). However, administrative remedies must be properly exhausted to meet the PLRA's requirements, and "[p]roper exhaustion demands compliance with an agency's deadlines." Woodford, 548 U.S. at 89; United States v. L.A. Tucker Truck Lines, Inc., 344 U.S. 33, 37 (1952) ("[C]ourts should not topple over administrative decisions unless the administrative body not only has erred, but has erred against objection made at the time appropriate under its practice."); Harper v. Jenkin, 179 F.3d 1311, 1312 (11th Cir. 1999) (per curiam) (establishing that belated filing of a grievance is insufficient to fulfill exhaustion in the Eleventh Circuit).

In this case, the plaintiff submitted a "belated grievance" two years after the incident. (Amended Complaint at 13, 14.) The Motion to Dismiss indicates the official grievance policy at the PTDF requires the filing of an informal complaint within five days of the incident and thus the plaintiff's grievance was untimely and rejected. (Motion to Dismiss at 4-5.) The Motion to Dismiss relies upon the PTDF's Inmate Orientation Handbook (Handbook) to establish the five day requirement for informal grievances. However, the defendants have not provided the Court with the Handbook and the Court is unable to address any claims

3

based on the information purportedly contained therein.[1] Moreover, plaintiff has not had sufficient opportunity to explain his position on exhaustion.

Therefore the defendants' Motion to Dismiss, is denied without prejudice on these grounds.

**III. Other Grounds for Dismissal**

The plaintiff's Amended Complaint is due to be dismissed because it is insufficiently pled. Because the plaintiff is proceeding pro se, the Court will give the plaintiff leave to amend his complaint. The plaintiff is encouraged to continue to attempt to find counsel and if the plaintiff is unable to locate counsel the Court will consider a new motion for appointment of counsel if the plaintiff chooses to file one before **September 6, 2010**.

**ORDERED**:

Defendants' Motion to Dismiss (Doc. 12) is **GRANTED,** dismissing this case without prejudice. However, plaintiff shall have leave to file and serve an amended complaint no later than **September 6, 2010.**

**DONE AND ORDERED** at Jacksonville, Florida this 8th day of July, 2010.

_____
TIMOTHY J. CORRIGAN
United States District Judge

---

[1] The plaintiff also claims that he was not made aware of the grievance procedure during his time at the PTDF. (Amended Complaint at 13.) The defendants assert that the plaintiff received and signed for the Handbook which contained the grievance procedure. (Motion to Dismiss at 4.) However, this factual dispute cannot be resolved on a motion to dismiss.

4

j.u.
Copies:

counsel of record
<u>pro</u> <u>se</u> plaintiff