UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

KARL WILLIAM EGNER,

    Plaintiff,

v.                                                    CASE NO.: 3:09-cv-1195-J-32JRK

JOHN H. RUTHERFORD, Duval County
Sheriff; GORDON BASS, Former Director
of Jacksonville Sheriff's Office Department of
Corrections; TARA WILDES, Chief of the Jails
Division, Duval County; DON REDMOND,
Assistant Chief of the Duval County Pre-Trial
Detention Facility; and WESLEY CREWS,
Duval County Correctional Officer.

    Defendants.
_____/

## SECOND AMENDED COMPLAINT

This is a civil rights action brought by Karl William Egner ("Egner"), formerly an inmate at the Duval County Jail, pursuant to 42 U.S.C. § 1983 and the Eighth and Fourteenth Amendments to the United States Constitution, seeking damages arising out of and related to a violent sexual assault Egner suffered on December 20, 2007, which assault occurred while he was detained at the John E. Goode Pretrial Detention Facility, in Duval County, Florida (the "Detention Facility").

Egner brings this civil action against Defendants, Sheriff John H. Rutherford, Duval County Sheriff; Former Director Gordon Bass, Jacksonville Sheriff's Office Department of Corrections; Chief Tara Wildes, Jails Division, Duval County; Assistant Chief Don Redmond, Pre-Trial Detention Facility; and Officer Wesley Crews, Duval County Correctional Officer, and in support thereof alleges as follows:

## JURISDICTION

1. This action for damages is brought to redress the deprivation of Egner's civil rights secured by the Eighth and Fourteenth Amendments to the United States Constitution and pursuant to 42 U.S.C. §1983.

2. Accordingly, this Court has jurisdiction pursuant to 28 U.S.C. § 1331 because this is a civil action arising under the Constitution of the United States.

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1343(a)(3) because this action seeks to redress the deprivation, under color of state law, of rights secured to Egner by the Eighth and Fourteenth Amendments to the United States Constitution.

4. This Court has jurisdiction pursuant to 28 U.S.C. § 1343(a)(4) because this action seeks to recover damages, or any other relief as the Court may deem just and proper, under any Act of Congress providing for the protection of civil rights.

5. Egner grounds his claim for attorneys' fees and costs in 42 U.S.C. §1988, which authorizes the award of attorneys' fees and costs to the prevailing plaintiff in an action or proceeding to enforce the provisions of 42 U.S.C. § 1983.

6. Egner has not been incarcerated or otherwise confined in prison, jail, or other correctional facility since May 29, 2010. Because Egner was incarcerated at the time of filing the Complaint in the United States District Court, Middle District of Florida, the provisions of the Prison Litigation Reform Act (PLRA) of 1995, 42 U.S.C. § 1997e (2006), apply to this action. Egner has fully exhausted his administrative remedies.

## VENUE

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to Egner's claims occurred in this District.

## PARTIES

8. Plaintiff Karl William Egner is a citizen of the United States currently residing in Elkton, Florida. Egner was incarcerated at the Detention Facility when the events giving rise to his claims occurred.

9. Defendant John H. Rutherford is the Sheriff of Duval County, Florida. In this position, Defendant Rutherford exercises control over and has a duty to supervise all pre-trial detainees and prisoners incarcerated at the John E. Goode Pretrial Facility, in Duval County, Florida. Defendant Rutherford was in this position at all times relevant to the events described herein. He is sued in his individual capacity.

10. Defendant Gordon Bass is the former Director Jacksonville Sheriff's Office Department of Corrections, in Duval County, Florida. In this position, Defendant Bass exercised control over and had a duty to supervise all pre-trial detainees and prisoners incarcerated at the John E. Goode Pretrial Facility in Duval County, Florida. Defendant Bass was in this position at all times relevant to the events described herein. He is sued in his individual capacity.

11. Defendant Tara Wildes is the Chief of the Jails Division for the Jacksonville Sheriff's Office Department of Corrections, in Duval County, Florida. In this position, Defendant Wildes exercises control over and has a duty to supervise all pre-trial detainees and prisoners incarcerated at the John E. Goode Pretrial Facility, in Duval County, Florida. Defendant Wildes was in this position at all times relevant to the events described herein. She is sued in her individual capacity.

12. Defendant Don Redmond is the Assistant Chief of the John E. Goode Pre-Trial Detention Facility, in Duval County, Florida. In this position, Defendant Redmond exercises control over and has a duty to supervise all pre-trial detainees and prisoners incarcerated at the

John E. Goode Pretrial Facility, in Duval County, Florida. Defendant Redmond was in this position at all times relevant to the events described herein. He is sued in his individual capacity.

13. Defendant Wesley Crews is a Correctional Officer for the John E. Goode Pretrial Detention Facility, in Duval County, Florida. In this position, he exercises control over and has a duty to supervise all pre-trial detainees and prisoners incarcerated at the John E. Goode Pretrial Facility in Duval County, Florida. Defendant Crews was in this position at all times relevant to the events described herein. He is sued in his individual capacity.

14. At all times material to the events described herein, the individual Defendants were acting under color of state law.

## FACTUAL ALLEGATIONS

15. On or about September 6, 2007, Egner was detained at the John E. Goode Pretrial Detention Facility in a cell by himself. During the period that Egner was detained at the Detention Facility, the Defendants had a duty to protect Egner from violence at the hands of other prisoners.

16. Egner is approximately five feet seven inches (5'7") tall, and at the time of his detention, weighed approximately 120-130 pounds.

17. At the time of his detention, Egner was approximately thirty (30) years old, although his appearance then and now suggests that he is much younger.

18. Egner suffers from attention deficit disorder that was diagnosed early in his childhood.

19. Egner was educated through special education classes in the New Jersey Public School system.

20. Egner was detained at the Detention Facility awaiting sentencing for a probation violation and thereafter, while awaiting a transfer to a correctional facility.

21. Prior to the charge of probation violation and his incarceration at the Detention Facility, Egner was convicted of lewd and lascivious molestation of a victim under the age of twelve.

22. Prior to the events described herein, Egner was warned by a Correctional Officer at the Montgomery Correctional Center ("Montgomery") that disclosing his charges to other inmates would likely lead to a violent attack against him. Thus, Egner did not tell anyone in Montgomery the nature of his underlying conviction.

23. However, at one point during Egner's incarceration at Montgomery, other inmates became aware of Egner's conviction. When the Correctional Officers at Montgomery learned that the other inmates knew of Egner's conviction, Egner was immediately moved to another dormitory for his protection because the Correctional Officers at Montgomery recognized that due Egner's stature, appearance and the nature of his underlying conviction, there was a substantial risk serious harm to Egner's safety.

24. Given the warnings that Egner had received while incarcerated at Montgomery, and given the actions that were taken to protect his safety at Montgomery, Egner never discussed the underlying nature of his original conviction with anyone in the Detention Facility either.

25. On or about the week of December 13, 2007, inmate Thomas Jay Cole ("Cole") was placed in the same cell as Egner at the Detention Facility. Cole was violent convicted felon whose propensity to threaten and physically assault vulnerable inmates is believed to have been known within the Detention Facility.

26. During the early morning hours of December 20, 2007, Cole violently raped Egner in their cell.

27. During the attack, Cole made reference to Egner's underlying conviction.

28. The attack lasted for an extended period of time.

29. At the time Egner entered the Detention Facility, the Defendants had knowledge regarding his height, weight, youthful appearance, mental disability, and the nature of his underlying conviction. These specific facts, taken in their totality, indicate that a substantial risk of harm to Egner existed, the same risk that was acknowledged by correctional officers to Egner when he was incarcerated at Montgomery. This substantial risk of violence to Egner at the hands of another inmate was heightened even further when a known violent inmate was housed in Egner's cell.

30. Inmates such as Cole are readily able to discover the nature of another inmate's underlying convictions. Accordingly, given the nature of his underlying conviction, the moment Egner entered the Detention Facility, he faced a substantial risk of serious harm to his health or safety unless actions were taken to protect Egner from violence at the hands of other inmates.

31. The Defendants acted with a state of mind that constituted deliberate indifference by failing to take action to alleviate the substantial risk of harm to Egner's health and safety upon his entry to the Detention Facility and during the period of time that he was incarcerated there.

32. The Defendants' deliberate indifference to the substantial risk of harm to Egner is the proximate cause of a violent attack by another inmate as described herein, and the damages that arose therefrom, and constitutes a violation of Egner's rights under the Eighth Amendment.

33. Correctional Officers working within the Duval County Jail system are required to act in accordance with the Directive issued by the Office of the Sheriff titled, Duties and Responsibilities of Housing Security Officers (hereinafter the "Directive").

34. The Directive requires that floors containing "general population" inmates such as Cole and Egner be patrolled every hour in the evening, and that the patrolling Correctional Officer must visually search each cell looking for signs of distress and/or signs of anything that might be out of the norm.

35. Defendant Crews was the Correctional Officer on duty the morning that Cole raped Egner.

36. Defendant Crews did not act in accordance with the Directive during his shift on December 20, 2007 when Cole raped Egner in their cell.

37. Defendant Crews acted with a state of mind that constituted deliberate indifference by failing to routinely patrol and conduct the visual searches as required by the Directive.

38. Defendant Crews' deliberate indifference to the substantial risk of harm to the health or safety of Egner was the proximate cause of the violent attack and the damages that arose therefrom and constitutes a violation of Egner's rights under the Eighth Amendment.

39. In view of the foregoing factors (including Egner's youthful appearance, small stature, mental disability, and the nature of Egner's underlying conviction), placing a known violent felon in Egner' cell within the general population, and then failing to monitor, patrol and conduct visual inspections, subjected Egner to a prison condition that is so extreme that it posed an unreasonable risk of serious damage to Egner's health or safety.

## COUNT I: CRUEL AND UNUSUAL PUNISHMENT
**(Action Against Defendants Rutherford, Bass, Wildes, Redmond and Crews for Deliberate Indifference to Plaintiff's Vulnerability and Susceptibility of Being Victimized)**

40. Egner incorporates and realleges the allegations stated in paragraphs 1 through 39 herein.

41. Egner's right to be free from cruel and unusual punishment, guaranteed by the Eighth and Fourteenth Amendments, was violated by Defendants when they acted with deliberate indifference to Egner's health and safety, and by failing to protect Egner despite the numerous factors that were known to Defendants that Egner was weak and highly vulnerable to a violent attack or a sexual assault.

42. The fact that Egner: (i) is of a small stature; (ii) is underweight for his height; (iii) looks very young for his age; (iv) suffers from attention deficit disorder; and (v) was initially incarcerated for lewd and lascivious molestation of a child, would alert any reasonable official at the Detention Facility that Egner was extremely likely to be a victim of prison violence and/or a sexual attack if measures were not taken to protect him. This risk of violence to Egner at the hands of another inmate was heightened further when a known violent inmate was housed in Egner's cell.

43. The above factors were known to the Defendants. Accordingly, the Defendants' failure to take any action to protect Egner before he was attacked constitutes deliberate indifference to the substantial risk of serious harm posed to Egner's health and safety. Such conduct is more than mere negligence.

44. By his very nature, Egner was at high-risk of becoming a victim within a jail or prison system, and the Defendants were obligated to take actions necessary to prevent Egner from becoming a victim of a violent attack or a sexual assault.

45. Because Egner was not afforded the Constitutional protections he was owed by the Defendants, he was violently attacked and raped by his cellmate for an extended period of time.

WHEREFORE, Plaintiff demands judgment against Defendants Rutherford, Bass, Wildes, Redmond and Crews, jointly and severally, for damages, compensatory or nominal, costs and attorneys' fees pursuant to 42 U.S.C. § 1988.

## COUNT II: CRUEL AND UNUSUAL PUNISHMENT
**(Action Against Defendants Rutherford, Bass, Wildes and Redmond for Failure to Protect)**

46. Egner incorporates and realleges the allegations stated in paragraphs 1 through 39 herein.

47. Egner's right to be free from cruel and unusual punishment, guaranteed by the Eighth and Fourteenth Amendments, was violated by Defendants when they acted with deliberate indifference by failing to supervise and ensure that the correctional officers at the Detention Facility patrolled the floors of the Detention Facility in accordance with the Directive.

48. The Corrections Officers at the Detention Facility did not circulate the floors on a regular, hourly basis during the early morning hours of December 20, 2007 in accordance with the Directive.

49. During the occasions when the Correctional Officers did circulate the floors on December 20, 2007, the Correctional Officers did not make the proper visual checks and eye contact with the inmates to ensure that the inmate was not in distress in accordance with the Directive.

50. The fact that Defendant Crews did not patrol the floor patrol in accordance with the requirements early morning hours of December 20, 2007 is a violation of the Directive.

51. Defendants Rutherford, Bass, Wildes, and Redmond, were responsible for the supervision, training, instruction, discipline, control and conduct of the Correctional Officers at the Detention Facility and were obligated to ensure that the Correctional Officers performed all required duties and that such duties were performed fully and completely.

52. Defendants Rutherford, Bass, Wildes and Redmond's failure to supervise, train, instruct, discipline, control and regulate the conduct of the Correctional Officers at the Detention Facility and Defendants Rutherford, Bass, Wildes and Redmond's failure to ensure that the Correctional Officers performed all required duties and that such duties were performed fully and completely is the proximate cause of the injuries suffered by Egner. Such conduct is more than mere negligence.

53. Because Egner was not afforded the Constitutional protections he was owed by Defendants Rutherford, Bass, Wildes and Redmond, he was violently attacked and raped by his cellmate.

WHEREFORE, Plaintiff demands judgment against Defendants Rutherford, Bass, Wildes, and Redmond, jointly and severally, for damages, compensatory or nominal, costs and attorneys' fees pursuant to 42 U.S.C. § 1988.

### COUNT III: CRUEL AND UNUSUAL PUNISHMENT
**(Action Against Defendant Crews for Failure to Protect)**

54. Egner incorporates and realleges the allegations stated in paragraphs 1 through 39 herein.

55. Egner's right to be free from cruel and unusual punishment, guaranteed by the Eighth and Fourteenth Amendments, was violated by Defendant Crews when he failed to patrol the floor in accordance with the Directive during the evening hours.

56. Defendant Crews did not circulate the floor on a regular, hourly basis during the early morning hours of December 20, 2007 in accordance with the Directive.

57. If and when Defendant Crews did circulate the floors on December 20, 2007, Defendant Crews did not make the proper visual checks and eye contact with the inmates to ensure that the inmate was not in distress in accordance with the Directive.

58. The fact that Defendant Crews acted with deliberate indifference by not patrolling the floor and conducting the requisite visual searches required by the Directive on December 20, 2007 is the proximate cause of the injuries suffered by Egner. Such conduct is more than mere negligence.

59. Defendant Crews was obligated to take actions necessary to prevent Egner from becoming a victim of a violent attack or a sexual assault including but not limited to frequently and regularly patrolling the floors in the detention facility and looking into each of the cells to ensure the safety of the detainees.

60. Because Egner was not afforded the Constitutional protections he was owed by Defendant Crews, he was violently attacked and raped by his cellmate.

WHEREFORE, Plaintiff demands judgment against Defendant Crews for damages, compensatory or nominal, costs and attorneys' fees pursuant to 42 U.S.C. § 1988.

DATED this 15th day of February, 2011.

Respectfully submitted,

**HOLLAND & KNIGHT LLP**

/s/ Renée J. Maxey
Michael A. Abel
Florida Bar No. 075078
michael.abel@hklaw.com
Renée J. Maxey
Florida Bar No. 060377

> renee.maxey@hklaw.com
> 50 N. Laura Street, Suite 3900
> Jacksonville, FL 32202
> Telephone: 904-353-2000
> Facsimile: 904-358-1872
> ***Trial Counsel for Plaintiff,***
> ***Karl William Egner***

## CERTIFICATE OF SERVICE

I hereby certify that on February 15, 2011, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

**William B. Burkett, Esquire**
Assistant General Counsel
**Gabriella Young, Esquire**
Assistant General Counsel
**Office of General Counsel**
117 West Duval Street, Suite 480
Jacksonville, Florida 32202
Telephone: (904) 630-1700
Facsimile: (904) 630-1316
wburkett@coj.net
***Counsel for Defendants***

> /s/ Renée J. Maxey
> Attorney

#10098797_v2